United States District Court
District of Massachusetts

|  |  |
|---|---|
| Robert B. Minturn,<br><br>    Plaintiff,<br><br>    v.<br><br>Ernest E. Monrad, et al.,<br><br>    Defendants. | Civil Action No.<br>20-10668-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Robert B. Minturn ("plaintiff" or "Minturn") alleges that the Northeast Investors Trust and its Trustees (collectively, "defendants") improperly withheld retirement benefits owed to him pursuant to a 1989 agreement and thereby breached their fiduciary duty under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). Pending before the Court is defendants' motion to dismiss plaintiff's complaint.

### I. Background

#### A. Factual Background

The Northeast Investors Trust ("the Trust") is a Massachusetts business trust organized in 1950. It is a registered investment company that is governed by trustees ("the Trustees") and operates as a mutual fund to manage the pooled capital of its shareholders.

Plaintiff alleges that he began working for the Trust in the late 1970s and served in various roles prior to his retirement in 2013, including as Clerk, Vice President and Chief Legal Officer. Minturn became a trustee in 1980.

In 1989, the Trustees executed a "Memorandum of Agreement by and among Trustees" ("the Agreement") which provided for trustee compensation among other things. As a trustee, Minturn was a party and signatory to the Agreement. Under its terms, Minturn was entitled to receive $50,000 each quarter as "current Trustee's compensation" as well as $100,000 annually for a ten-year period upon his retirement, incapacity, disability or death. The Agreement provided for Minturn's annual retirement compensation to increase by $25,000 for each $100 million increase in the Trust's net assets from and after March 31, 1989, which were then approximately $405 million. Because the

total net assets of the Trust exceeded $760 million when Minturn retired, he was entitled to receive $175,000 annually for a ten-year period to be paid in quarterly installments of $43,750.

The Trustees have amended their Agreement on three occasions, in 1994, 1998 and 2005. Only the third and final amendment appears to have affected Minturn's rights under the Agreement. It provides that he is to be paid $62,500 quarterly as "current Officer's compensation" but does not alter his retirement compensation.

Plaintiff retired from the Trust on December 31, 2013. From April, 2014, to January, 2018, Minturn received $175,000 annually in equal quarterly installments. He alleges that defendants wrongfully reduced his quarterly payments to $10,000 starting in April, 2018, and then cut off all payments from April, 2019 forward.

Plaintiff submits that defendants gave him no notice of their decision to suspend payments under the Agreement and have failed to specify any reason for their decision despite his written objections conveyed in May, 2018, and February, 2019.

B.  **Procedural Background**

Plaintiff filed his complaint in this Court in April, 2020, alleging: wrongful denial of benefits in violation of ERISA §

502(a)(1)(B) (Count I); breach of fiduciary duty in violation of ERISA § 502(a)(3) (Count II); entitlement to attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) (Count III); and breach of contract (Count IV).

Defendants filed their motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) in June, 2020, which plaintiff timely opposed.

## II. **Motion to Dismiss**

### A. **Legal Standard**

To survive a motion to dismiss, a claim must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering the merits of a motion to dismiss, the Court may only look to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference and matters of which judicial notice can be taken. Nollet v. Justices of Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 228 F.3d 1127 (1st Cir. 2000).

Furthermore, the Court must accept all factual allegations in the claim as true and draw all reasonable inferences in the claimant's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68,

69 (1st Cir. 2000). If the facts in the claim are sufficient to state a cause of action, a motion to dismiss must be denied. See Nollet, 83 F. Supp. 2d at 208.

Although a court must accept as true all the factual allegations in a claim, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662 (2009). Threadbare recitals of legal elements which are supported by mere conclusory statements do not suffice to state a cause of action. Id.

**B. Application**

Plaintiff asserts that the Agreement among the Trustees establishes an "employee pension benefit plan" under ERISA and that defendants improperly withheld benefits owed to him under the Agreement, resulting in a breach of defendants' fiduciary duty under § 404(a)(1) of ERISA. Minturn further alleges that the termination of his retirement compensation constitutes a breach of contract for which defendants are liable for damages as well as attorneys' fees and costs.

Defendants respond that Counts I, II and III should be dismissed because Minturn failed to plead facts sufficient to state a plausible claim that (1) he was an employee subject to ERISA; (2) the Agreement is an ERISA plan; and (3) the Trust was

an administrator or sponsor of the alleged ERISA plan. Defendants also contend that Count IV should be dismissed for lack of subject matter jurisdiction because there is no federal claim.

### 1.  ERISA Employee Status

Defendants first assert that Minturn is not a "participant" within the meaning of ERISA because he and the other signatories of the Agreement, as trustees, cannot be considered "employees" and therefore the Agreement cannot be construed as an "employee benefit plan."

To recover benefits or enforce rights under an ERISA employee benefit plan, a plaintiff must be a participant in such a plan. 29 U.S.C. § 1132(a)(1)(B).  A "participant" is defined as

> any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan . . . .

29 U.S.C. § 1002(7).  An "employee" for ERISA purposes refers to "any individual working for an employer," § 1002(6), and the term is further defined by common law principles of agency. Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 323 (1992). ERISA plans are those established by or maintained by an

employer to provide benefits or retirement income to employees. See § 1002(1)-(2).

Plaintiff has alleged facts that raise a reasonable inference that he was a common law employee of the Trust. Minturn alleges that he worked for the Trust for more than 30 years in various roles, including as its Clerk, Vice President and Chief Legal Officer "[i]n addition" to serving as a trustee. Even assuming that trustees are not "employees" under ERISA, as defendants contend, the 2005 amendment to the Agreement provided that Minturn was to receive "current Officer's compensation," which indicates that he served as both a trustee and an officer under the Agreement. Because Minturn submits that he was employed by the Trust in a capacity other than as trustee, he has stated a claim that he was an employee of the Trust for the purposes of ERISA. See Grantham v. Beatrice Co., 776 F. Supp. 391, 394 n.3 (N.D. Ill. 1991) ("It is clear . . . that under common law and under ERISA, officers may be employees.").

### 2.   The Agreement as an ERISA Plan

Defendants contend that they lack the discretion necessary for the payment scheme described in the Agreement to qualify as an employee benefit plan subject to ERISA.

In determining whether a given program qualifies as a plan under ERISA, courts must evaluate "the nature and extent of an employer's benefit obligations." Belanger v. Wyman-Gordon Co., 71 F.3d 451, 454 (1st Cir. 1995).  The most important consideration is whether the plan creates an ongoing administrative program subject to the discretion of the employer. Fort Halifax Packing Co. v. Coyne, 482 U.S. 1, 11-12 (1987); O'Connor v. Commonwealth Gas Co., 251 F.3d 262, 267 (1st Cir. 2001) ("The determination of what constitutes an ERISA plan thus turns most often on the degree of an employer's discretion in administering the plan.").  Plans administered by "a mechanical formula that contemplates no exercise of discretion" and those involving "one-time, lump-sum severance benefit[s]" are unlikely to be governed by ERISA. See O'Connor, 251 F.3d at 267.

Minturn alleges that the Agreement provides that, upon his retirement, he is to receive annual payments of $100,000, paid on a quarterly basis for a period of ten years.  That allegation alone negates the counter argument that the Agreement provides for a disqualifying "one-time, lump-sum payment." Belanger, 71 F.3d at 455.  Plaintiff also avers that his retirement payments were to be increased under the Agreement based upon incremental changes in the valuation of Trust assets.  Although Minturn

denies that defendants were entitled to reduce or eliminate his payments under certain circumstances, he asserts that defendants were admittedly authorized to exercise discretion and control over the distribution of assets pursuant to the Agreement. Accordingly, Minturn has pled facts sufficient to state a claim subject to ERISA.

### 3. The Trust as an Administrator of the Alleged Plan

ERISA requires employee benefit plans to have a specifically designated plan administrator and, if they do not, the employer will be deemed the administrator by default. See 29 U.S.C. §§ 1102(a)(1), 1002(16)(A)(ii), 1002(16)(B). Generally, a plaintiff seeking to recover benefits due under an ERISA plan may only sue the plan itself and any entity controlling the administration of the plan. Thiffault v. Butler Home Prods., 2006 WL 240189, at *2 (D. Mass. 2006). Consequently, an employer is not a proper party to an ERISA action to recover benefits unless the employer "controlled or somehow influenced the administration of the plan." Id. (citations omitted).

Minturn alleges that the Trust, in addition to the individual trustees, is an administrator of the purported ERISA plan contained in the Agreement. Plaintiff fails, however, to assert that the Trust has any role in the administration of the

plan.  The Trust is not a party to the Agreement nor does the Agreement include any role for the Trust in the distribution of benefits.  Because plaintiff has alleged no facts demonstrating that the Trust controls the administration of the plan or has assumed any responsibility as an administrator, he has failed to state a claim against the Trust.

### 4.  Subject Matter Jurisdiction as to Count IV

Finally, defendants move to dismiss Count IV on the ground that, because the Agreement is not governed by ERISA, there is no subject matter jurisdiction for plaintiff's federal claims and this Court should therefore decline to exercise supplemental jurisdiction over Count IV.  To the contrary, this Court has determined that Minturn has stated a claim that the Agreement is governed by ERISA.  Accordingly, there is no reason to decline to exercise supplemental jurisdiction over Count IV at this time.

**ORDER**

For the foregoing reasons, the motion of defendants to dismiss plaintiff's complaint (Docket No. 8) is,

(a) with respect to those portions of Counts I, II, III and IV that seek to hold the Trust liable, **ALLOWED**, but

(b) otherwise, **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated October 29, 2020